The majority of the court is of opinion, that proof of actual tampering, or conversation on the subject with a juryman,-is not necessary to set aside the verdict; and the propriety of this opinion they think results from the nature of thiftgs, and the rules of evidence.
-From the mode in which collusion and tampering is generally carried on, such circumstance is generally known *305 to no person, except the one tampering, and the person tampered with, or the persons between whom a conversation may be held, which might influence the verdict. If you question either of these persons on the subject, he must criminate, or declare himself innocent, and you lay before him an inducement not to give correct testimony. The old ruk was that the jury on no occasion should separate. I mentioned (though it was with difficulty that the rule has been at all relaxed) that it is relaxed only in cases of imperious, or perhaps ot unavoidable necessity. But by allowing that a jury may separate without necessity, and that their verdict shall stand, unless the party accused, who in these cases is in the custody of law, can shew that the jury not only have separated, but that they or a member of it has also been tampered with, or held com-municatioa on the subject; this great barrier against oppression may gradually be sapped and undermined, and the bulwark cannotlong remain. Such a precedent would he productive of evils incalculable, and too great, for the court by its decision to allow a door to be opened for them. Every danger, and particularly in such a case as this, should be watched, and opposed in the beginning. The court will preserve, “ with fear and jealousy,” anti will not expose the trial by jury in criminal cases, to such risque of contamination, as arises from the affidavits in this case. If the court had without necessity suffered a juryman to go home without an officer, (which it would *306 never do) it would vitiate the verdict. There is as much •danger from a juryman’s separating, without the act of the court, as if it had been done by such act.
Although there might be and probably was no tampering with any juryman in this case, yet in a free country, in deciding a particular cause, the decision is to be according to general principles as applied to that case; and more good will arise from preserving the sacred principle involved in this case, than evil from granting a new trial, although in this individual instance, a verdict has probably been given H t dve men in fact unbiassed by the separation.
The opinion of the court is, “ that such a separation i of the jury as is proved by the affidavits is sufficient cause Tor vitiating and setting aside the verdict aforesaid;” which is ordered to be certified to the superior court of <aw , for Henrico county.